IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016


CONNIE ARNOLD v. DOUG COOK, WARDEN


Appeal from the Circuit Court for Bledsoe County
No. 2015-CR-49     J. Curtis Smith, Judge


_____


No. E2015-02214-CCA-R3-HC – Filed May 20, 2016
_____


The Petitioner, Connie Arnold, appeals the summary dismissal of his petition for writ of habeas corpus, in which he challenged the legality of his judgments of conviction for rape of a child and aggravated sexual exploitation of a minor.  The Petitioner asserts that his indictment and judgments of conviction are illegal and void on their face because the offense date listed in the documents is incorrect.  Further, the Petitioner asserts that his judgment for rape of a child contains an illegal sentence, entitling him to habeas corpus relief.  Following our review, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Connie Arnold, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, a Carter County jury convicted the Petitioner of rape of a child[1] and especially aggravated sexual exploitation of a minor, for which the Petitioner received an effective sentence of thirty-seven years. This court affirmed the Petitioner's judgments of conviction on direct appeal. See State v. Connie L. Arnold, No. 03C01-9902-CR-00081, 2000 WL 14691, at *1 (Tenn. Crim. App. Jan. 11, 2000), perm. app. denied (Tenn. Sept. 25, 2000).

The Petitioner filed for post-conviction relief, but his petition was summarily dismissed after the post-conviction court deemed it deficiently pleaded. See Connie Lee Arnold v. State, No. E2001-02526-CCA-R3-PC, 2002 WL 31512404, at *1 (Tenn. Crim. App. Nov. 13, 2002). This court affirmed the decision of the post-conviction court. Id. at *4. However, the Tennessee Supreme Court reversed and remanded to this court for reconsideration of the trial court's summary dismissal of his post-conviction petition under Burnett v. State, 92 S.W.3d 403 (Tenn. 2002). See Connie Lee Arnold v. State, No. E2003-00691-CCA-RM-PC, 2003 WL 1877236, at *1 (Tenn. Crim. App. Apr. 15, 2003). On remand, this court again affirmed the decision of the post-conviction court. Id. at *6. Thereafter, our supreme court reversed and remanded the case to the post-conviction court for the appointment of counsel. Arnold v. State, 143 S.W.3d 784, 787 (Tenn. 2004). Upon remand, the post-conviction court appointed counsel and conducted an evidentiary hearing. See Connie Lee Arnold v. State, No. E2006-00440-CCA-R3-PC, 2007 WL 2216554, at *2 (Tenn. Crim. App. Aug. 3, 2007), perm. app. denied (Tenn. Dec. 26, 2007). Following the hearing, the post-conviction court denied relief. Id. at *4. This court affirmed the ruling of the post-conviction court, and the supreme court denied further review. Id. at *7.

On September 15, 2015, the Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Bledsoe County, where the Petitioner was incarcerated. The Petitioner alleged that (1) he was actually innocent; (2) he was in jail at the time the crimes were allegedly committed; and (3) his indictment and judgments of conviction were illegal. On October 26, 2015, the habeas court summarily dismissed the petition, finding that the petition failed to state a claim upon which relief could be granted. This timely appeal follows.

---

[1] For the offense of rape of a child, the trial court sentenced the Petitioner, as a Range I offender, to twenty-five years with a thirty percent release eligibility. In May 2000, the trial court entered a corrected judgment for rape of a child to reflect that the Petitioner was sentenced as a "Range I, child rapist."

- 2 -

## Analysis

On appeal, the Petitioner contends that the habeas court erred when it summarily dismissed his petition without appointing counsel and requiring the State to respond. He asserts that his indictment and judgments of conviction are illegal and void on their face because the offense date listed in the documents—the month of October, 1994—is incorrect. The Petitioner asserts that he was in jail on unrelated charges from September 26, 1994, to October 12, 1994, and thus, he could not have committed the offenses. Additionally, the Petitioner contends that his corrected judgment for rape of a child contains an illegal sentence because the statute requiring a child rapist to serve a sentence at a 100 percent service rate did not become law until 1996—two years after the Petitioner was alleged to have committed the offense of rape of a child. The State responds that the petition did not comply with the strict procedural requirements of Tennessee Code Annotated section 29-21-107(b) and that the petition failed to state a cognizable claim.

Tennessee Code Annotated section 29-21-107 sets forth the mandatory statutory procedural requirements for petitions for habeas corpus relief, stating:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

>> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

>> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

>> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"These procedural requirements 'are mandatory and must be followed scrupulously.'" Summers v. State, 212 S.W.3d 251, 259 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993)).  The habeas court may summarily dismiss a petition for failure to comply with the statutory procedural requirements.  Id. at 260.

Further, habeas corpus relief may only be granted in limited circumstances. Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008).  Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)).  Rather, "[h]abeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Archer, 851 S.W.2d at 164 (quoting State v. Galloway, 45 Tenn. (5 Cold.) 362, 336-37 (1868)). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo.  Edwards, 269 S.W.3d at 919.

In this case, the State correctly notes that the petition did not comply with the mandatory statutory procedural requirements by failing to state whether the legality of the restraint had been previously adjudicated and by failing to state whether or not previous applications had been made.  See Tenn. Code Ann. § 29-21-107(b)(3), (4).  In addition, the petition was not verified by affidavit, as required by Tennessee Code Annotated section 29-21-107(a).  Although grounds existed, the habeas court did not dismiss the petition due to these procedural deficiencies.  See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004) ("A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required.").  Accordingly, we will address the merits of the Petitioner's claims.

*Incorrect Offense Date*

We first note that, even if we accredited the Petitioner's claim that he was in jail from September 26, 1994, to October 12, 1994, this would still leave nineteen days in the month of October 1994 in which the Petitioner could have committed the offenses of rape of a child and especially aggravated sexual exploitation of a minor.  Additionally, any question concerning the accuracy of the offense date may be answered only by consulting

- 4 -

sources beyond the face of the judgments and the record of the underlying proceedings.[2] In this case, the judgments are facially valid, and hence, habeas corpus relief is not available. See Archer, 851 S.W.2d at 164.

Moreover, an error in the offense date listed in the indictment in this case would not render the indictment invalid. As our supreme court has stated:

> The rule of law is well-established in Tennessee that the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time is a material ingredient in the offense. In fact, in order to establish the legal sufficiency of that charging instrument, the [S]tate need allege only that the offense was committed prior to the finding of the indictment or presentment.

State v. Byrd, 820 S.W.2d 739, 740 (Tenn. 1991) (internal quotations and citations omitted). The indictment alleged that the offenses were committed "on or about the month of October, 1994," a date prior to the return of the indictment. Thus, the trial court had jurisdiction over the case. Any discrepancy in the date would render the conviction at most voidable, rather than void, and therefore does not present a cognizable claim for habeas corpus relief. Finally, to the extent that the Petitioner's claim may be understood as a claim that he is actually innocent of the offense, we note that "evidence of actual innocence is not a ground for habeas corpus relief in Tennessee." Steve Wallace v. State, No. M2010-00769-CCA-R3-HC, 2010 WL 5141668, at *3 (Tenn. Crim. App. Dec. 15, 2010).

*Illegal Sentence for Rape of a Child*

"An illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity.'" Cantrell v. Easterling, 346 S.W.3d 445, 452 (Tenn. 2011) (quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)). Also included within the rubric of "illegal sentences" are those sentences which are not authorized under the applicable statutory scheme. Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010)).

Pursuant to statute, "child rapist" means a person convicted one or more times of rape of a child as defined by Tennessee Code Annotated section 39-13-522. See Tenn.

---

[2] On appeal, the Petitioner has attached to his brief—as Exhibit E—what appears to be a handwritten letter from the Petitioner requesting the dates of his incarceration during 1994. At the bottom of the Petitioner's letter is a handwritten list of dates, times, and charges, presumably written by someone in response to the Petitioner's inquiry.

Code Ann. § 39-13-523(a)(1). A child rapist is required to serve the entire sentence imposed by a trial court, undiminished by any sentence reduction credits the person may be eligible for or earn. See Tenn. Code Ann. § 39-13-523(b).

In this case, the corrected judgment for rape of a child properly reflects a sentence of twenty-five years as a "child rapist" and is not an illegal sentence. The relevant statute requiring child rapists to serve their entire sentence undiminished by any sentence reduction credits was enacted in 1992—two years before the Petitioner committed the instant offense. See 1992 Tenn. Pub. Acts, c. 878, § 1. Accordingly, the Petitioner is not entitled to habeas corpus relief based upon this claim, and the habeas court did not err in dismissing the petition without appointing counsel and conducting a hearing.

## Conclusion

For the aforementioned reasons, the judgment of the habeas court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE